IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OTONIEL RANGEL, | § | |
| TDCJ-CID NO.1535959, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-1614 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Otoniel Rangel, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for aggravated assault of a family member. (Docket Entry No.1). Respondent has filed a Motion for Summary Judgment (Docket Entry No.12), to which petitioner has filed a Motion Opposing a Summary Judgment. (Docket Entry No.13). After considering all of the pleadings and the entire record, the Court will grant respondent's motion for summary judgment, deny petitioner's motion, and dismiss this habeas petition.

I. BACKGROUND AND PROCEDURAL HISTORY

A Harris County, Texas grand jury charged petitioner with aggravated assault of his estranged wife, by using a deadly weapon, namely a knife. (Docket Entry No.11-13, page 34). He entered a plea of not guilty to the offense. (Docket Entry No.11-8, page 5). A jury in the 209th Criminal District Court of Harris County, Texas, heard evidence of the following from complainant and her two sons, as summarized in pertinent part by the Fourteenth Court of Appeals for the State of Texas:

1

> On the morning of November 7, 2007, appellant arrived at the complainant's trailer house uninvited. Appellant tried to open the front door to enter the house, but it was locked. As appellant was attempting to open the front door, his and the complainant's younger son, P.R., heard the doorknob moving and observed appellant through the peephole trying to open the door. P.R. hurriedly found the complainant and told her that appellant was at the front door. The complainant then went to the front door, looked through the peephole, and observed appellant trying to force the locked front door open. Despite the complainant's attempts to keep appellant out of the house, he was able to force the door open by breaking the door frame. Upon appellant's entering the home, he stepped into the living room, and the complainant asked appellant to leave. He refused. The two had a brief argument, which escalated when appellant threatened to kill the complainant.
>
> The complainant told P.R. to get his older brother, E.R., who was sleeping in another room in the home. P.R. complied, and as E.R. entered the living room, appellant locked the front door and said "just . . . call the cops because [I am] going to kill her." Appellant said again "I'm going to kill your mother," then pulled a knife from his back pocket and stepped towards the complainant. Frightened, the complainant stepped back, and P.R. stepped in front of the complainant. E.R. then stepped in front of appellant and grabbed his wrist. E.R. was able to force the knife from appellant's grip, causing the knife to fall to the floor. Appellant then retrieved the knife and placed it back in his pocket. Appellant kissed the complainant, hugged his two sons, and then left the home.

*Rangel v. State*, No.14-08-01021-CR, 2009 WL 5184004, at *1 (Tex. App.--Houston [14th Dist.] 2010, pet. ref'd) (not designated for publication).

On August 29, 2008, the jury found petitioner guilty of aggravated assault of a family member. (Docket Entry No.11-10, page 4). On October 31, 2008, the state district court sentenced him to sixteen years imprisonment. (Docket Entries No.11-11, page 29; No.11-13, page 40). On direct appeal, petitioner complained that the evidence was insufficient to support the jury's finding that he exhibited a deadly weapon. *Rangel*, 2009 WL 5184004 at *1. The state intermediate appellate court addressed this claim on the merits and affirmed the lower court's judgment of conviction. *Id.* at *3. The Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Entry No.1).

Thereafter, petitioner sought state habeas relief on grounds that his trial counsel was ineffective because he allowed the State "to abuse their discretion" and that there is insufficient evidence to support his conviction. (Docket Entry No.11-13, page 12). The state district court, sitting as a habeas court, recommended that petitioner's state habeas application be denied and entered written findings. (*Id.*, page 24). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. (*Id.*, page 2).

Petitioner seeks federal habeas relief on the following grounds:

> 1. The state district court did not have jurisdiction to try the case because the indictment was defective; therefore, his conviction and sentence are illegal;
>
> 2. The evidence was insufficient to sustain his conviction and would have only supported a charge of misdemeanor assault; and,
>
> 3. His trial counsel rendered ineffective assistance because the State did not admonish petitioner of the "existence of a legal duty to perform specific objections to preserve[] error."

(Docket Entry No.1, page 7).

Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his claims fail on the merits, and his first claims is unexhausted and procedurally barred. (Docket Entry No.12).

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of

the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The writ of habeas corpus provides an important, but limited, examination of an inmate's conviction and sentence. *See Harrington v. Richter*, – U.S. –, 131 S.Ct. 770, 787 (2011) (noting that "state courts are the principal forum for asserting constitutional challenges to state convictions"). The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review. *Renico v. Lett*, – U.S. –, 130 S.Ct. 1855, 1862 (2010) (quotations omitted).

The AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)." *Richter*, 131 S.Ct. at 784. As previously mentioned, the Court of Criminal Appeals adjudicated petitioner's claims on direct appeal and on habeas review. This Court, therefore, can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Berghuis v. Thompkins*, – U.S. –, 130 S.Ct. 2250, 2258 (2010) (quoting 28 U.S.C. § 2254(d)(1)). The focus of this well-developed standard "is not whether a

federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Thus, the AEDPA serves as a "guard against extreme malfunctions in the state criminal justice systems," not as a vehicle for error correction. *Richter*, 131 S.Ct. at 786 (citation omitted); *see also Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S.Ct. at 786.

"Review under § 2254(d)(1) focuses on what a state court knew and did." *Cullen v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1399 (2011). Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.*, 131 S.Ct. at 1399, 1400. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.*, 131 S.Ct. at 1400.

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness

by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## III. DISCUSSION

### A. Procedural Bar

Respondent contends that this Court is procedurally barred from reviewing petitioner's first ground regarding the indictment and the jurisdiction of the state district court because he failed to exhaust such claim in the state courts. (Docket Entry No.12, pages 5-10).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *See Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims

before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). The substance of a federal claim is deemed "fairly presented" in state court for purposes of the exhaustion doctrine only if the petitioner relies upon identical facts and legal theories in both of the state court proceeding and the action for federal habeas relief. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. (Docket Entry No.12, page 9). A procedural bar for federal habeas review occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred. *Coleman,* 501 U.S. at 735 n.1. Texas prohibits successive writs challenging the same conviction except in narrow circumstances. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a). The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Petitioner's federal habeas petition does not contain specific facts to establish petitioner's indictment-jurisdiction claim in the present action could not have been raised in state habeas proceedings or that he is actually innocent. Therefore, petitioner's unexhausted claim does not fit within the exceptions to the successive writ statute and would be procedurally defaulted in state court. *See Coleman*, 501 U.S. at 735 n.1. Such a bar precludes this Court from

reviewing petitioner's claim absent a showing of cause for the default and actual prejudice attributable to the default. *Id.* at 750.

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of this claim under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Petitioner fails to address the default, the cause of the default, or prejudice resulting from the default in his response to the motion for summary judgment, except to the extent that he complains that he has not been able to acquire a copy of the record. (Docket Entry No.13). Petitioner, however, has not shown good cause for engaging in discovery of the state court record, as discussed *infra*. Therefore, he fails to overcome the procedural bar with respect to this claim.

Accordingly, respondent is entitled to summary judgment on petitioner's claim regarding the defective indictment and the state district court's jurisdiction over his case.

### B. Deadly Weapon

Petitioner contends that the evidence was insufficient to support the jury's finding that he possessed a deadly weapon in the commission of the assault. (Docket Entry No.1, page 7). Respondent contends that petitioner's legal insufficiency claim does not merit relief. (Docket Entry No.12, pages 16-20).

A federal habeas corpus court reviews the evidentiary sufficiency of a state court conviction under the legal standard found in *Jackson v. Virginia*, 443 U.S. 307 (1979). This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. In conducting that

review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict. *See Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995). "Where a state appellate court has conducted a thoughtful review of the evidence, moreover, its determination is entitled to great deference." *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) (citation omitted).

The Fourteenth Court of Appeals, the last court to issue a reasoned opinion on this issue, correctly cited to the statutory elements of aggravated assault and the definition of a deadly weapon in Texas. *Rangel*, 2009 WL 5184004 at *2 (citations omitted.). The appeals court noted that the requirements, where there is no actual physical injury alleged to have been caused by the knife, include "the knife's capacity to cause death or serious bodily injury by either showing the manner of its use, the size of the blade, threats made by the accused, or the physical proximity between the accursed and the victim." *Id*. (citation omitted). The appellate court further noted that "evidence of the size of the blade, the blade's sharpness, the use of any brandishing motions, or the victim's fear of serious bodily injury or death may prove a knife's capacity to cause death or serious bodily injury." *Id.* (citations omitted).

In reviewing the evidence under the *Jackson* standards, the state appellate court summarized the evidence that it found sufficient to support the jury's deadly weapon finding, as follows:

> Although appellant is correct that the written record is unclear as to the precise size of the knife, at trial before the jury, the complainant demonstrated the size of the knife with hand gestures. Likewise, the written record is unclear as to the exact distance between appellant and the complainant, but P.R. physically demonstrated to the jury the proximate distance between appellant and the complainant during the incident. . . . Furthermore, the record contains other evidence sufficient to prove that appellant used the knife as a deadly weapon. Specifically, the record reflects that appellant arrived at the complainant's house uninvited. When the complainant refused to allow appellant into the house, he forced the locked front door open by breaking the door frame. The complainant

> testified that appellant appeared angry when he broke into the house. The complainant then repeatedly asked appellant to leave, but he refused and began an argument with the complainant. Appellant then threatened to kill the complainant and told his sons to call the police.
>
> As appellant made his death threats, he started to reach for a knife in his back pocket, but before doing so, he closed the door behind him and locked it. Appellant then pulled the knife from his pocket, held the knife in the air at eye level with the blade facing the complainant, and stepped towards her. As appellant brandished the knife, he threatened to the kill the complainant. The complainant testified that appellant was looking directly at her when he made the death threat. Moreover, the complainant and her two sons all testified that they feared for the complainant's life and believed that appellant was going to kill the complainant.

*Id.* at *2-3.

Viewed in a light most favorable to the prosecution, the Court finds that from this evidence a rational jury could have found beyond a reasonable doubt that petitioner used a deadly weapon to threaten his wife. Petitioner presents no clear and convincing evidence to rebut the presumption that the state appellate court's opinion was an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented at trial. Accordingly, respondent is entitled to summary judgment on this ground.

### C. Ineffective Assistance of Counsel

Petitioner alleges that he received ineffective assistance of counsel at trial because the State did not admonish him of a legal duty to make specific objections to preserve error. (Docket Entry No.1, page 7). Petitioner states no facts to support this conclusory allegation. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (finding "[m]ere conclusory statements do not raise a constitutional issue in a habeas case"). Accordingly, petitioner's complaint regarding his counsel's ineffectiveness is subject to dismissal.

D. Petitioner's Motion

Petitioner contends that after adequate time for discovery, he requested the trial records in state court but the state court did not rule on his request and therefore, he has not been able to acquire a copy of his state court records. (Docket Entry No.13). Petitioner complains because he does not have a copy of his trial record, he cannot present facts essential to justify his opposition to the motion for summary judgment; he requests a hearing pursuant to Rule 56(d), (e), and (f) of the Federal Rules of Civil Procedure. (*Id.*).

Petitioner claims the record will show that the state district court excluded evidence that complainant was not injured and denied him the opportunity to cross examine and confront such witness. (*Id.*). He also challenges the credibility of the indictment; petitioner claims the record will show that he only made threatening remarks and exhibited a kitchen knife. (*Id.*). Petitioner argues that because respondent has exclusive control of the facts, "a fundamental miscarriage of justice would result from failure to hold [a] federal evidentiary hearing." (*Id.*).

"A hearing in a habeas proceeding is required only when, *inter alia*, the record reveals a genuine factual dispute." *Tague v. Puckett*, 874 F.2d 1013, 1015 (5th Cir. 1989). The record does not show that evidence was excluded or that petitioner was denied the opportunity to cross-examine or confront any witness. Likewise, the record does not show that he only made threatening remarks and exhibited a kitchen knife. In fact, the record does not show that a genuine factual dispute exists in this case. Therefore, petitioner's request for an evidentiary hearing is DENIED.

To the extent that petitioner seeks to engage in discovery through his request for an evidentiary hearing, such request is also DENIED. A habeas petitioner is generally not

entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). "Good cause may be found when a petition for habeas corpus relief 'establishes a prima facie claim for relief.'" *Id.* quoting *Harris v. Nelson*, 394 U.S. 286, 209 (1969). Petitioner's petition fails to establish good cause warranting discovery.

Accordingly, Petitioner's Motion Opposing a Summary Judgment (Docket Entry No.13) is DENIED.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right or that the district court was incorrect in its procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

### IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state proceedings, the Court ORDERS the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No.12) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. Petitioner's Motion Opposing a Summary Judgment (Docket Entry No.13) is DENIED.

5. All other pending motions, if any, are DENIED.

6. This habeas action is DISMISSED WITH PREJUDICE.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 26th day of September, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE